UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY WAYNE BAHR,

          Plaintiff,

     v.                                  Case No. 16-CV-1034

WINNEBAGO COUNTY, et al.,

          Defendants.

## ORDER AND RECOMMENDATION

In accordance with this court's order of February 6, 2017, plaintiff Gary Wayne Bahr filed an amended complaint on February 24, 2017. Because Bahr is incarcerated and seeks to sue a government entity or employee, the Prison Litigation Reform Act (PLRA) requires that the court screen his amended complaint before this action is permitted to proceed. 28 U.S.C. § 1915A.

The PLRA requires courts to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which

relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts but need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal

conclusions not support by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the allegations contained in his amended complaint, Winnebago County, its sheriff, and its "H.S.U." have a policy barring jail inmates from receiving prescription narcotics. Bahr apparently has been a frequent detainee of the Winnebago County Jail and claims that when incarcerated he is denied the narcotic medications he needs.

Accepting at this stage that the alleged policy results in the denial of medication needed by an inmate, the court finds that this allegation presents a plausible claim under 28 U.S.C. § 1983. It is not clear from the complaint whether Bahr was incarcerated at the Winnebago County Jail as a pretrial detainee or if he was serving a sentence. If Bahr was a pretrial detainee, "it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment" that is applicable to his claim. *Rice v. Corr. Med. Servs. (In re Estate of Rice)*, 675 F.3d 650, 664 (7th Cir. 2012). "However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the

Eighth Amendment affords to convicted prisoners," *id.*, and therefore the distinction matters little at this preliminary stage.

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes deliberate indifference to the serious medical needs of a prisoner. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009). "This indifference includes intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Id.* at 829.

Liberally construing Bahr's complaint, as the court must because he is proceeding without the assistance of an attorney, the court understands that Bahr is alleging that he is prescribed narcotic pain medication. But when he is incarcerated the jail, pursuant to its policy, refuses to permit him to receive his prescribed medication, regardless of medical need. The denial of a narcotic pain medication when it is medically necessary could reasonably be expected to lead the person to suffer undue pain from the lack of effective treatment for the underlying pain, as well as additional complications as a result of suddenly stopping a long-term narcotic medication. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *Grawcock v. Hodges*, 2012 U.S. Dist. LEXIS 109890, 7-18 (N.D. Ind. Aug. 6, 2012) (denying defense motion for summary judgment because a reasonable finder of fact could conclude that a jail nurse was deliberately indifferent when, relying upon a jail policy regarding narcotics, she refused to provide an inmate with prescribed narcotic pain reliever); *but see Flynn v. Garner*,

4

2012 U.S. Dist. LEXIS 173063 (S.D. Ind. Dec. 6, 2012) (holding that substitution of non-narcotic for narcotic medication was not deliberate indifference under the facts of the case in part because "[j]ail officials have a legitimate interest in restricting the use of narcotics by inmates").

Having concluded that Bahr has alleged a claim that is sufficient to proceed, the court must next consider who the proper defendants are on that claim. Bahr named as defendants "Winnebago County," "Winnebago's Co. H.S.U," "Winnebago Co. Sheriff," and "all doctors with the H.S.U. et al. in their individual and official capacity, under color of state law." (ECF No. 15 at 1.)

Winnebago County is a suable entity and, because it is its policy that Bahr challenges, is a proper defendant. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). However, "Winnebago's Co. H.S.U" is not a suable entity distinct from Winnebago County. Any claims against what "Winnebago's Co. H.S.U" are properly against Winnebago County. *See Grow v. City of Milwaukee*, 84 F. Supp. 2d 990, 996 (E.D. Wis. Feb. 25, 2000) (citing *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999); *Abraham v. Piechowski*, 13 F. Supp. 2d 870, 879 (E.D. Wis. 1998)). The same is true with respect to any claim against the "Winnebago Co. Sheriff" if that claim is made against the office rather than against the sheriff personally. *Id.*

However, it appears that Bahr intends to name the sheriff himself, i.e., the individual person, as a defendant on the ground that he is the person who implemented and enforced the policy. At this preliminary stage the court will not say that such a claim is insufficient. Therefore, the court will allow this action to proceed against the sheriff individually. *See Winston v. Clarke*, 2016 U.S. Dist. LEXIS 38226, 11 (E.D. Wis. Mar. 18, 2016) (permitting suit against sheriff personally on the basis that sheriff's "jail policy which only provides one pair of clean clothing and no shoes causes 'humiliation' and deprives him of the basic necessities of civilized life").

Finally, that leaves "all doctors with the H.S.U. et al. in their individual and official capacity, under color of state law." It is plausible that individual physicians who allegedly were deliberately indifferent to Bahr's serious medical needs might be proper defendants. *Holloway v. Del. County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012). A physician who discontinues prior prescribed treatment without exercising professional judgment may be found to be deliberately indifferent. *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011)). The Court of Appeals for the Seventh Circuit noted its concern that a physician "attempt[ed] to justify prescribing an admittedly inappropriate drug because the appropriate drug was not a part of the [institution's] formulary[.]"*Gil v. Reed*, 381 F.3d 649, 663 fn. 3 (7th Cir. 2004). However, the court "reserve[d] for another day the issue of whether the government or a prison doctor may avoid liability for deliberate indifference by seeking shelter behind an inadequate formulary." *Id.*

Nonetheless, the court concludes that Bahr paints with too broad of a brush in his attempt to identify physician defendants. First, Bahr identifies the physicians as H.S.U. employees and, thus, employees of Winnebago County. Any claim against a county physician in the physician's official capacity is redundant to the plaintiff's suit against the county. *See, e.g., Jungels v. Pierce*, 825 F.2d 1127, 1130 (7th Cir. 1987). Thus, a claim against a county physician is cognizable against the physician only in his or her individual capacity.

Second, as framed by Bahr, the class of defendants could include persons who never treated Bahr and thus are persons against whom Bahr has no plausible claim. However, liberally construing Bahr's complaint, it appears that what Bahr is actually attempting to do is to name as defendants those doctors who treated him but whose identities he does not know. Construed in this manner the court finds that the proper vehicle for Bahr to pursue his claims is against "John and Jane Doe Physicians." *See Adams v. Hepp*, 2017 U.S. Dist. LEXIS 110761, 5 (E.D. Wis. July 17, 2017). This will enable Bahr to use discovery to identify any physician who is an appropriate defendant in this action and then substitute that person as a defendant.

**IT IS THEREFORE RECOMMENDED** that "Winnebago's Co. H.S.U." be dismissed as a defendant. It is not a suable entity distinct from Winnebago County.

**IT IS FURTHER RECOMMENDED** that "all doctors with the H.S.U. et al. in their individual and official capacity, under color of state law" be dismissed as

defendants. The Clerk shall amend the docket to name "John and Jane Doe Physicians" as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Winnebago County and the Winnebago County Sheriff pursuant to Federal Rule of Civil Procedure 4. Bahr is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the institution where Bahr is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) whereby written objections to any order or recommendation herein

or part thereof may be filed within fourteen days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of July, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge