UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY WAYNE BAHR,

        Plaintiff,

v.                                                       Case No. 16-C-1034

WINNEBAGO COUNTY
& WINNEBAGO COUNTY SHERIFF,

        Defendants.

## DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Gary Bahr, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that his civil rights were violated. He claims that Winnebago County and the Winnebago County Sheriff, John Matz, violated his constitutional rights by their deliberate indifference to his serious medical needs when they denied him access to his prescription narcotic pain medications while he was in the Winnebago County Jail.

Currently before the court is defendants' motion for summary judgment. Bahr did not file a response to defendants' motion for summary judgment within thirty days as required by Civil Local Rule 56(b)(2) and has not requested additional time to file a response. Nor has Bahr filed a response to defendants' reply in support of summary judgment. This alone is grounds to grant the motion. Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."). In addition, Bahr refused to sign a release allowing the defendants access to the medical records that would be needed to establish the serious medical condition upon which his claim rests. Bahr's refusal to provide such authorization also constitutes grounds for

dismissal of his case. For these reasons, and also because on the undisputed facts before me it is clear they are entitled to judgment as a matter of law, the defendants' motion for summary judgment will be granted.

## BACKGROUND[1]

Plaintiff Gary Bahr has been incarcerated at the Winnebago County Jail (WCJ) at various times in the past years leading up to April 19, 2017. Defs.' Proposed Findings of Fact, ECF No. 51, at ¶ 1. While Bahr was incarcerated at WCJ, he was a pretrial detainee. *Id.* at ¶ 17.

Defendant John Matz is the Winnebago County Sheriff. *Id.* at ¶ 4. The Winnebago County Sheriff's Office operates WCJ. *Id.* at ¶ 6. However, Sheriff Matz does not supervise the day-to-day operations of WCJ; rather, Captain Todd Christie, the Jail Administrator, does. *Id.* at ¶¶ 7–8. Sheriff Matz has had no interactions with Bahr and has made no decisions about Bahr's medical care while at WCJ. *Id.* at ¶ 11.

Winnebago County contracts with Correctional Healthcare Companies, Inc. (CHC), to provide jail nursing services, physician services, professional medical services, and personnel pursuant to a contract. *Id.* at ¶ 10. CHC is the "Medical Authority" referred to in WCJ's policies. *Id.* at ¶ 19. For security reasons, inmates are not allowed to keep prescription narcotic pain medications in their own cells; rather, all such medication is held in a secure location and distributed pursuant to CHC-provided medical professional directive. *Id.* at ¶¶ 20–21. CHC nurses and

---

[1] All of the background facts come from the defendants' proposed findings of fact. Bahr has failed to respond to defendants' motion for summary judgment in compliance with Civil Local Rule 56(b)(2). Therefore, all facts within defendants' proposed findings of fact that are properly supported will be deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the non-movant as mandated by the local rules results in an admission.").

2

physicians review all prescription medications prescribed for WCJ inmates. *Id*. at ¶ 23. Additionally, WCJ's Pharmaceutical Operations Policy requires CHC, in conjunction with a pharmacist, to "establish a list of all prescription and nonprescription medications available for inmate use." WCJ Policies, ECF No. 49-1, at 20. WCJ policy also states that the "Jail Administrator and the Health Services Unit will develop a procedure through which it can be reliably determined what prescription medications the inmate is taking and the medical urgency for continuing those medications without interruption, regardless of whether the medications are brought in by the inmate or another person." *Id*.

CHC nurses and physicians provide their professional judgment and expertise to WCJ inmates in reviewing existing prescription medications and medically acceptable substitute medications. *Id*. at ¶ 24. WCJ employees do not make such decisions and do not substitute their own judgment for that of the CHC medical staff. *Id*. at ¶ 25.

On August 5, 2016, Bahr filed a complaint, which was amended on February 24, 2017, alleging that WCJ and Sheriff Matz were deliberately indifferent to his chronic pain syndrome because they maintained a policy of not allowing inmates to have prescription narcotic pain medications while at WCJ. ECF No. 12. On May 10, 2018, defendants moved for summary judgment. ECF No. 46. Bahr's response was due on June 10, 2018; however, Bahr did not, and to this date has not, filed a response. On June 21, 2018, defendants filed a reply brief in support of their motion for summary judgment and highlighted that Bahr had failed to respond to their motion. ECF No. 53. Bahr has not responded to this either. Because the time for Bahr to respond has passed, the motion is ripe for a decision.

3

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## DISCUSSION

Bahr alleges that defendants were deliberately indifferent to his chronic pain by denying him access to his prescription narcotic pain medication. The Constitution's ban on "cruel and unusual punishments" imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While the Eighth Amendment's ban protects convicted prisoners, the Fourteenth Amendment protects pretrial detainees, like Bahr. However, despite the differences in which amendment the protection arises under, the analysis performed by the court is the same because "pretrial detainees . . . are entitled to the same basic protections." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (holding that "[courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment"). To state a claim for deliberate indifference an inmate must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (citations omitted).

4

**A. Winnebago County**

Bahr alleged that Winnebago County, which is responsible for operating WCJ, was deliberately indifferent to his chronic pain issues by having a policy that prevented him from receiving his prescription narcotic pain medication while he was incarcerated there. Claims against municipalities for constitutional violations are governed by the principles of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and must show that the municipality had a policy, practice, or custom that caused the constitutional violation. *See Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016). This requires evidence of : "1) an express municipal policy, 2) a widespread practice constituting a custom or usage; or 3) a constitutional injury caused by or ratified by a person with final policymaking authority." *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009) (quoting *Simmons v. Chi. Bd. of Educ.*, 289 F.3d 488, 494 (7th Cir. 2002)).

Because Bahr has failed to respond to the motion for summary judgment, there is no evidence of an express policy, a widespread practice or custom, or a decision by a person with final policymaking authority to deny him narcotic pain medications prescribed by his doctor. In fact, the only express policies in evidence show that CHC, not WCJ, was responsible for creating and maintaining a list of drugs that are approved for use within the facility. *See* ECF No. 49-1 at 20. Additionally, the defendants have provided affidavits from the municipal officers, asserting that there is no such policy, practice, or custom. ECF No. 48, 49. CHC's policy, which may be considered the County's policy since the County has essentially delegated its responsibility for medical care of inmates to CHC, is to keep narcotic medications under lock and key and distribute them as needed. There is no evidence of a policy to deny such medications altogether. Without evidence of such a policy, practice, or custom, Bahr has failed to show that he can prove a constitutional violation

5

caused by Winnebago County. As a result, Bahr's claims against Winnebago County fail and summary judgment will be granted in its favor.

**B. Sheriff Matz**

Bahr also alleges that Sheriff Matz was deliberately indifferent to his chronic pain by maintaining a policy that prevented him from receiving his prescription narcotic pain medications. However, to the extent that Bahr is suing Sheriff Matz in his official capacity, that claim fails for the same reason the claims against Winnebago County failed because a claim against Sheriff Matz in his official capacity is a claim against the office that he belongs to, which would be Winnebago County. *See Abraham v. Piechowski*, 13 F. Supp. 2d 870, 878–79 (E.D. Wis. 1998) (explaining that the county sheriff is a county officer); *see also Ky. v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citing *Monell*, 436 U.S. at 690 n. 55).

To the extent that Bahr is suing Sheriff Matz in his individual capacity, this claim also fails. Sheriff Matz cannot be held liable for the actions of employees at WCJ simply because he is the supervisor. *See Pacelli v. DeVito*, 972 F.2d 871, 878 (7th Cir. 1992) (explaining the doctrine of supervisor liability (or respondeat superior) does not apply to § 1983 actions). Liability under § 1983 does not attach unless the individual defendant caused or participated in the constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Sheriff Matz has offered evidence, in the form of an affidavit, that he has had no interaction with Bahr or Bahr's medical treatment. Bahr, by failing to respond, has failed to adduce any evidence that Sheriff Matz caused or participated in the alleged constitutional violation. As a result, Bahr's claim against Sheriff Matz fails as well and summary judgment will be granted in his favor.

**CONCLUSION**

In sum, by failing to respond Bahr has failed to provide evidence to support any of the claims he brings. Defendants, on the other hand, have produced evidence that no such policy, practice, or custom exists and that Defendant Matz was not personally involved with Bahr's medical treatment. As a result, Defendants' motion for summary judgment (ECF No. 46) is **GRANTED** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated this   19th   day of July, 2018.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court